IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association,<br><br>    Plaintiff,<br><br><br><br>        vs.<br><br><br>D. STEPHEN SORENSEN, an individual, et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO REQUIRE PAYMENT OR STAY<br><br><br><br><br>Case No. 2:12-CV-1026 TS |
| AND RELATED COUNTERCLAIMS AND THIRD PARTY CLAIMS | |

    This matter is before the Court on Defendants Stephen Sorensen, D. Stephen Sorensen and Shannon P. Sorensen, Trustee of the Sorensen Trust Dated July 26, 1991, and Sweet Water Enterprises LLC's Motion for Order Requiring Bank of America to Accept Payment or, in the Alternative, to Stay Proceeding.[1]  For the reasons discussed more fully below, the Court will grant in part and deny in part Defendants' Motion.

---

    [1]Docket No. 22.

## I.  BACKGROUND

At issue in this case is the repayment of a line of credit extended to Defendant Sorenson in April of 2009.  During the course of the years 2008 and 2009, Plaintiff extended lines of credit to Defendant Sorenson and entities he controlled.  As collateral for the 2009 line of credit, Defendant Sorensen pledged, among other things, the Flying V Bar Ranch Deed of Trust and the 10 Mile Ranch Deed of Trust.  The real property held by those deeds of trust is located in Utah. Plaintiff filed this action seeking to reform the legal description of the Flying V Bar Ranch and bring about the judicial foreclosure of the deeds of trust.

Defendants allege that in 2012, they properly tendered payment on the 2009 line of credit and Plaintiff improperly refused to accept the payment tendered.  Defendants bring various counterclaims, each premised on their argument that Plaintiff's attempt to foreclose on the deeds of trust is predicated on a pretextual default and unjustifiable refusal to accept repayment.  Three months prior to this action being filed, Defendants brought an action against Plaintiff in California state court.  That action is similarly centered on the 2009 line of credit and Plaintiff's attempts to foreclose on property securing that line of credit located in California.  That case is now pending before the United States District Court for the Central District of California.

## II.  DISCUSSION

Defendants' Motion seeks two distinct forms of relief.  Defendants argue that the Court should either (1) require Plaintiff to accept payment on the underlying debt that gives rise to this proceeding or (2) stay this matter pending completion of the related case in the Central District of California.  The Court will consider each of Defendants' arguments below.

A.    PAYMENT

Defendants argue that the Court should require Plaintiff to accept their tender of payment made in 2012. Plaintiff counters that Defendants' Motion is procedurally improper, the tender of payment was not a proper tender, and it should not be compelled to accept payment from anyone other than the parties contractually obligated to pay Plaintiff.

It is not clear by what procedural vehicle Defendants seek to bring about the result they seek. In their Reply, Defendants recognize that "the relief requested does not fit squarely in one category provided by the rules" but nevertheless assert that "the Court has the power to grant the requested relief under is [sic] 'broad discretion to conform the pleadings to the arguments raised by the parties.'"[2]

While cognizant of its broad discretion, it is unclear to the Court how such discretion is availing in this circumstance. Even construing Defendants' Counterclaims to include the arguments made in their Motion, the Court is left without the proper vehicle to provide Defendants relief. It is not clear from Defendants' Motion whether Defendants would have the Court grant them injunctive relief, or whether they are seeking a summary adjudication of their Counterclaims. Under either standard, Defendants have not met their burden.[3] Accordingly, the

---

[2]Docket No. 33, at 2 (quoting *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007)).

[3]*See Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (holding that to obtain "a preliminary injunction is an extraordinary remedy; it is the exception rather than the rule"); Fed. R. Civ. P. 56(a) (providing that summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); DUCivR 56-1 (providing the local briefing requirements for a motion for summary judgment).

Court will deny Defendants' Motion to the extent Defendants seek an order requiring Plaintiff to accept their tender of funds.

B.      STAY

Defendants move the Court to stay this action pending the outcome of an earlier filed action in the Central District of California.  Plaintiff contends that Defendants' request for a stay should be denied because there are issues of Utah state law that must be resolved in this forum before Plaintiff can foreclose on Defendants' Utah properties and a stay will result in delaying the foreclosure process.

The Supreme Court has described the stay power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[4]  The following factors are relevant when considering whether to grant a stay: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship.[5]

Though not directly before the Court in this Motion, also implicated is the first-to-file rule.[6]  The first-to-file rule is well-settled law establishing the general principle that the first court who obtains jurisdiction over the same parties and issues is the appropriate court to resolve the

---

[4]*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[5]*Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, 2008 WL 4723008, at *2 (W.D. Okla. 2008).

[6]*MedSpring Grp., Inc. v. Atl. Healthcare Grp., Inc.*, 2006 WL 581018, at *3 (D. Utah Mar. 7, 2006) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies." (quotations marks and citation omitted)).

4

case.[7]  Other courts have stayed second-filed declaratory judgment actions and declined to

consider contentions that it would be more convenient to litigate a case in a second-filed forum

pending ruling on those issues in the first-filed forum.[8]

Here, the central claim at issue is whether Plaintiff improperly denied repayment on the

2009 line of credit.  The resolution of that issue is a predicate to Plaintiff's foreclosure

proceedings.  The propriety of Defendants' payment is already being litigated before the Central

District of California.  It is rarely efficient for two courts to consider the same issue.  For this

reason, the Court finds that judicial economy favors a stay in this instance.

For substantially the same reasons, a stay would avoid confusion and inconsistent results.

The possibility exists that this Court and the Central District of California could reach a different

result on the issue of whether Defendants' payment was proper.  Such a result would end in

confusion as Plaintiff would be enabled to foreclose on property in one jurisdiction but not the

other.

As to prejudice, Plaintiff maintains that it will be prejudiced by a stay in this case because

of the delay that will result from such a stay.  Plaintiff properly notes that there are certain types

of relief that it can seek only in this forum, such as the reformation of the Trust Deed to the

Flying V Bar Ranch and the judicial foreclosure proceedings.  That being said, depending on the

---

[7]*O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689 (10th Cir. 1965).

[8]*See EMC Corp. v. Bright Response, LLC*, 2012 WL 4097707, at *3–5 (N.D. Cal. 2012); *Cellectis S.A. v. Precision Biosciences, Inc*., 881 F. Supp. 2d 609, 613 (D. Del. 2012); *Mycone Dental Supply Co., Inc. v. Creative Nail Design, Inc*., 2012 WL 1495496, at *1–2 (D. N.J. 2012); *Drew Tech., Inc. v. Robert Bosch, L.L.C.*, 2012 WL 314049, at *6–7 (E.D. Mich. 2012).

outcome of the parties' case before the Central District of California, those actions may not be warranted.  In any event, a resolution of the payment issue must be reached before the Court may properly address Plaintiff's foreclosure-related claims.  The valuing of the Utah property and other steps required for the foreclosure process can be promptly addressed upon the resolution of the payment issue.  In light of the dispositive nature of the payment issue, the Court finds that Plaintiff will not be unduly prejudiced or suffer any undue hardship in being required to await a determination of that issue prior to proceeding on its foreclosure claims.

Based on the foregoing factors, the Court finds that a stay is warranted in this case.  In the event the Central District of California reaches a decision as to the payment issue, or as to the merits of any first-filed or other venue issue, either party may move to reopen this case and address the merits of Plaintiff's claims.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Order Requiring Bank of America to Accept Payment or, in the Alternative to Stay Proceeding (Docket No. 22) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that the hearing scheduled in this matter for October 3, 2013 at 10:30 am is hereby STRICKEN.  The Clerk of Court is directed to administratively close this case.  Either party may move to reopen this case upon the occurrence of the events provided in this Order.

DATED   September 19, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge